# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                              Case Number: 21-20027-JAR-01

G'ANTE BUTLER,

           Defendant.

## MEMORANDUM & ORDER

This matter comes before the court on defendant G'Ante Butler's Emergency Motion to Reopen Detention Hearing. (ECF 66.) By way of this motion and supplemental brief (ECF 72), Butler asks the court to reopen detention pursuant to 18 U.S.C. § 3142(f)(2) and (i) for essentially two reasons: (1) because he reserved the right to reopen detention after he completed his sentence in another case in April of 2022, and that has now occurred; and (2) so that he can attend his father's funeral service and burial on May 17, 2022, at Highland Park Cemetery in Kansas City, Kansas. In considering Butler's motion, the court has also considered the Government's response (ECF 72) and the input of Pretrial Services. For the reasons explained below, Butler's motion is granted to the extent that the court will reopen the detention hearing and consider the issue of detention anew, but it is denied to the extent that Butler seeks release to attend his father's funeral.

## I.    BACKGROUND

By way of background, the indictment charges Butler in Count 1 with using a deadly weapon to forcibly assault federal officers—specifically, seven individuals who were ATF Special Agents or federally deputized task force officers while they were engaged in the performance of their official duties; and in Count 2 with using, carrying, and discharging firearms in furtherance

of the crime of violence charged in Count 1. At the time of Butler's initial appearance on September 22, 2021, he was serving a 24-month sentence in federal custody for a conviction in a case in the Western District of Missouri ("WDMO"). Consequently, his counsel stated that "detention is not opposed right now. However, Mr. Butler reserves the right to request pretrial release upon completing his sentence in the other case." (ECF 72, at 3.) Based on that representation, the court ordered him detained. (ECF 44.)

Butler now reports that his WDMO sentence expired on April 24, 2022. He therefore asks the court to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f)(2). He further states that he has designated his motion as an "emergency" because his father recently passed away and he would like to attend the funeral on May 17. Butler also filed a supplemental brief in which he invokes 18 U.S.C. § 3142(i) as grounds for temporary release to attend his father's funeral. Consequently, Butler's motion essentially seeks two different forms of relief: (1) he seeks to reopen detention generally because he has now completed his sentence in the WDMO, and (2) he seeks "emergency" relief to attend his father's funeral.

## II.      MOTION TO REOPEN DETENTION GENERALLY

Turning first to Butler's request for the court to reopen detention and set this matter for a detention hearing, the court will grant Butler's motion for the simple reason that he reserved the right to reopen detention once he completed his sentence on the WDMO conviction. The court has reviewed and considered the Government's response, which appears to raise legitimate arguments that would suggest the court should deny the motion to reopen detention under the traditional standard for reopening detention as set forth in § 3142(f)(2). (ECF 72.) Among other things, the Government points out that Butler is charged with an offense under 18 U.S.C. § 924(c), which gives rise to a rebuttable presumption that no conditions of release would reasonably assure

Butler's appearance as required in this case and the safety of others.  *See* 18 U.S.C. § 3142(e)(3)(B).  Faced with this rebuttable presumption, Butler has no verified release plan because, although he provided Pretrial Services with a proposed release plan, he specifically asked Pretrial Services not to contact the individual he seeks to live with.  Furthermore, Butler offers no other evidence or argument that bears on the Bail Reform Act factors the court must consider in deciding whether detention is warranted.  Consequently, the court would deny Butler's motion if it was deciding the motion based on the traditional § 3142(f)(2) standard for reopening detention.

However, in this particular instance, Butler expressly reserved the right to reopen detention once he completed his sentence in the WDMO case.  That sentence is now complete.  For that reason only, the court will grant Butler's motion to the extent that it will reopen detention and set the matter for a detention hearing where the court will consider the issue of detention anew.

### III.     REQUEST TO ATTEND FUNERAL

The court turns next to Butler's request to attend his father's funeral.  To the extent Butler seeks "emergency" relief to attend his father's funeral, he did not reserve the right to reopen detention for this reason.  Rather, his reservation of rights was clear—he "reserve[d] the right to request pretrial release upon completing his sentence in the other case."  (ECF 72, at 3.)  Butler reports that he completed that sentence on April 24, so he could have moved to reopen detention at any time thereafter.  The fact that his father subsequently passed away and he wants to attend his funeral presents an entirely separate issue that is not covered by his reservation of rights.

Butler's motion originally invoked 18 U.S.C. § 3142(f)(2) as grounds for the court to release him to attend his father's funeral.  Under that statute, the court may reopen detention

> at any time before trial if the judicial officer finds that [1] information exists that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether

> there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person in the community.

18 U.S.C. § 3142(f)(2). Here, Butler relies on new information that was not known to him at the time he waived detention pending completion of his sentence on the WDMO conviction—namely, his father's death and funeral. However, his stated desire to attend his father's funeral has no bearing on whether there are conditions of release that will reasonably assure the safety of others if the court were to release him to attend the funeral. And Butler does not identify any other new information that was not known to him at the time of the original detention order that would have a "material bearing" on whether there are conditions of release that would reasonably assure his appearance and the safety of others. To the contrary, the Government's brief recites considerations about the nature and circumstances of the offense charged, the weight of the evidence, and Butler's history and characteristics—all of which would have existed at the time of his original (temporary) detention waiver. Therefore, these considerations do not present "new information." Accordingly, Butler has not made the showing necessary for the court to reopen detention pursuant to § 3142(f) so that he can attend his father's funeral.

Butler's supplemental brief also seeks temporary release under 18 U.S.C. § 3142(i). That statute authorizes the court to temporarily release a pretrial detainee if "necessary . . . for another compelling reason." § 3142(i). The court is sympathetic to Butler for the loss of his father. But it is not unusual for defendants in federal custody to miss out on significant life events, including funerals of close family members. Therefore, this consideration alone does not present a "compelling reason" for which it is "necessary" for the court to temporarily release a pretrial detainee. The court therefore finds that Butler has not established that temporary release is warranted under § 3142(i).

Butler also says he cannot afford USMS escort services for the funeral. But this argument is immaterial because the court would not order a USMS escort regardless of whether Butler could afford it. Any such escort would raise security concerns because transporting a prisoner to an unsecure location would put the USMS Deputies and those around them at risk—a risk that is particularly acute in this case given the nature of the vicious shootout directed at federal LEOs that led to the indictment in this case. Furthermore, such an escort would require significant resources and manpower. The undersigned will not set precedent for ordering such an escort as a routine matter every time a pretrial detainee wants to attend a family funeral.

**IT IS THEREFORE ORDERED** that Butler's Motion to Reopen Detention Hearing (ECF 66) is granted in part to the extent that the court will reopen detention and set this matter for a detention hearing on May 23, 2022 at 1:30 pm, at which time the court will consider the issue of detention anew. The motion is otherwise denied to the extent that Butler seeks release to attend his father's funeral.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2022.

s/Angel D. Mitchell
Angel D. Mitchell
United States Magistrate Judge